IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLAUDIA MARTINEZ,

    Plaintiff,

v.                                                    CV 08-1197 WPL/ACT

BLAKE'S LOTABURGER, LLC,

    Defendant.

**ORDER**

    Claudia Martinez brought this suit against her former employer, Blake's Lotaburger, LLC, in New Mexico state court. (Doc. 1 Ex. A.) Her complaint was submitted by the law firm of Keller & Keller and was signed by attorney Michael G. Duran of that firm. (*Id.*) Defendant removed the suit to this Court. (Doc. 1.) On September 3, 2009, the parties reached a negotiated resolution at a settlement conference with Magistrate Judge Torgerson. (Doc. 27.) On September 8, 2009, Attorney Rosario D. Vega Lynn filed a Notice of Attorney's Charging Lien in the amount of $8,285.53. (Doc. 28.) On September 29, 2009, Plaintiff filed a motion to strike the lien. (Doc. 30.) Vega Lynn filed a response, Plaintiff filed a reply, and Vega Lynn filed an opposed motion for leave to file a surreply to counter the arguments and evidence in Plaintiff's reply. (Doc. 33, 34, 35.)[1]

    For purposes of ruling on the motion to strike, I will accept as true all of the facts alleged in Vega Lynn's response and in the exhibits to the response and I will disregard the evidence and

---

[1] Plaintiff also filed a document entitled "Motion for Presentment of Order Striking Rosario Vega-Lynn's Attorney Lien." (Doc. 32.) Although Plaintiff called this document a motion, she docketed it as a response in support of her motion to strike. In the document, Plaintiff claimed that Vega Lynn failed to file a timely response to the motion to strike and requested that the motion to strike therefore be granted. However, Vega Lynn's response was in fact timely filed on October 16, 2009. *See* FED. R. CIV. P. 5(b)(2)(E); FED. R. CIV. P. 6(a), (d).

argument in Plaintiff's reply to the motion to strike. Based on Vega Lynn's version of the facts and on the undisputed fact that Plaintiff signed a written retainer agreement with Keller & Keller, I conclude that Vega Lynn does not have a valid attorney charging lien. Accordingly, I will grant Plaintiff's motion to strike and deny Vega Lynn's motion for leave to file a surreply. *See Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003) (indicating that when new evidence or arguments are presented in a reply brief, the district court must either disregard the reply or allow the opposing party to file a surreply).

### *Facts*

Vega Lynn was associated with Keller & Keller as an "of counsel" attorney for several months. They orally agreed that she would be paid $175 an hour at the conclusion of each case on which she worked. Vega Lynn terminated her association with Keller & Keller before this agreement was reduced to writing. After her termination, she was to be paid under the oral agreement for any work that she had completed.

At the request of Keller & Keller's general counsel, Vega Lynn worked on Plaintiff's case from March 10, 2008 until she terminated her association with the firm on October 20, 2008. She met with Plaintiff several times, researched Defendant's employment practices, investigated the facts of the case, drafted correspondence to the EEOC, communicated with EEOC investigators, accompanied Plaintiff to the EEOC office to amend the charge of discrimination, prepared responses to the EEOC's requests for additional information, and drafted a complaint and discovery. Vega Lynn spent 44.3 hours on Plaintiff's case, entitling her to $7752.50 plus tax under her oral agreement with Keller & Keller.

Plaintiff has submitted a copy of a Contingent Fee Retainer Contract, showing that she employed Keller & Keller of New Mexico, L.L.P., to represent her in this case. (Doc. 30 Ex. 2.)

The contract does not mention Vega Lynn. Vega Lynn does not dispute the authenticity of the contract nor that Plaintiff is a client of Keller & Keller.

## *Discussion*

In New Mexico, an attorney charging lien will not be imposed absent an express or implied contract between the attorney and client. *See Computer One, Inc. v. Grisham & Lawless, P.A.*, 188 P.3d 1175, 1180 (N.M. 2008). Vega Lynn argues that she had an express contract with Plaintiff pursuant to the following syllogism: Plaintiff is a client of Keller & Keller, making Keller & Keller's general counsel her agent; therefore, the general counsel bound Plaintiff to the contract between Vega Lynn and Keller & Keller. Vega Lynn also argues that she had an implied contract with Plaintiff because their course of conduct demonstrates Plaintiff's intent that Vega Lynn represent her and be compensated for that representation. Vega Lynn asserts that Plaintiff "obviously knew Ms. Vega Lynn represented her and would be reimbursed for its [sic] services." (Doc. 33 at 5.)

The parties have not cited, and I have not found, a New Mexico case addressing whether a lawyer employed or associated with a firm can assert a lien against one of the firm's clients if the lawyer worked on the client's case and was not paid by the firm. Other jurisdictions have concluded that there is no contract between the client and the lawyer in this situation. *See, e.g., Hunt v. Laclede Gas Co.*, 869 S.W.2d 770, 772-73 (Mo. Ct. App. 1993).

In *Hunt*, the plaintiff hired McAvoy & Bumb, P.C., to represent him on a workers' compensation claim. Attorneys McAvoy and Bumb were the only shareholders of the professional corporation. When the corporation broke up, the plaintiff decided to have McAvoy proceed with his claim. Bumb asserted a lien against the plaintiff's settlement. The court held that the purported lien was a nullity. Bumb could not assert the lien on the basis of a written contract because he was

3

never retained by the plaintiff. He could not assert the lien on the basis of an implied contract, or quantum meruit, because the services he rendered were as an employee of the professional corporation. *Id.* at 772. In short, the court held that Bumb had no contract with the plaintiff. Bumb "undertook to represent a client of McAvoy & Bumb, P.C. He entered his appearance not as an individual lawyer but as an agent of a disclosed principal, the professional corporation, and only as such an agent did he render services to [the plaintiff]." *Id.* at 772-73.

In reaching these conclusions, the *Hunt* court was guided by an earlier case from the Missouri Supreme Court. *See State ex rel. Massman Constr. Co. v. Buzard*, 145 S.W.2d 355, 357 (Mo. 1940). In *Massman*, the client retained a law firm to represent him on a claim. Thereafter, the firm employed a lawyer "with full knowledge and acquiescence" of the client to assist in the case. *Id.* The court held that the lawyer could not assert a lien against the client's judgment without showing that he had a contract with the client. *Id.* at 357-58. In other words, a precondition to a valid lien was that the lawyer had a cause of action against the client for payment of his compensation. *Id.* at 358. "Neither knowledge and acquiescence on [the client's] part as to private arrangements between [the lawyer and the firm], nor consent that, under such arrangements, he should act as an attorney of record in the case . . . would be sufficient to make [the client] liable to [the lawyer] for payment of a fee." *Id.* at 357-58. Assuming that the lawyer's relationship to the case was based solely on his employment by the firm, the client had no reason to believe that the lawyer looked to him for payment of compensation. *Id.* at 358.

Other courts have followed similar reasoning. *See Democratic Cent. Comm. v. Washington Metro. Area Transit Comm'n*, 941 F.2d 1217, 1219 (D.C. Cir. 1991) ("An associate counsel can only obtain an attorney's lien if the client authorizes or ratifies [her] employment by the principal attorney and the client agreed to have [her] associate's fee paid from the judgment."); *Hahn v.*

4

*Oregon Physicians' Serv.*, 786 F.2d 1353, 1355 (9th Cir. 1985) ("[B]ecause no independent contract between [the lawyer] and the [the clients] ever existed, [the lawyer] does not have a right to a lien against [the clients'] recovery in this case."); *Carroll v. Interstate Brands Corp.*, 121 Cal. Rptr. 2d 532, 535 (Cal. Ct. App. 2002) ("[A] direct contractual relationship between the attorney and the client is essential. When the client enters into a retainer agreement with one particular attorney, a lien in favor of another, albeit associated attorney is neither express nor implied and does not exist. . . . Associate counsel must look to the client's attorney for compensation, not to the client."); *Boswell v. Zephyr Lines, Inc.*, 606 N.E.2d 1336, 1342 (Mass. 1993) ("An associate counsel has no underlying right to recover fees against a client unless the client authorized or ratified the employment of the associated lawyer . . . such as to raise an inference that the client expected that the associated lawyer would look to the client for payment."); *Harvey L. Lerer, Inc. v. Eighth Judicial Dist. Court*, 901 P.2d 643, 645-46 (Nev. 1995) ("[A] lawyer cannot be allowed to hold unilaterally a 'client' liable for fees when that lawyer is acting merely as the agent of another attorney" and "may not 'bootstrap' a breach of contract action against another attorney into an attorney's lien.").

   In this case, Plaintiff's express, written contract is with Keller & Keller. Although, as Vega Lynn argues, Plaintiff knew that Vega Lynn was working on her case and should have expected that Vega Lynn would be paid, nothing in the facts alleged by Vega Lynn indicates that Plaintiff should have expected Vega Lynn to look to her for payment. Under the authority cited above, Vega Lynn does not have a valid lien against Plaintiff's settlement.

   This result is consistent with the policy underlying attorney charging liens in New Mexico. The New Mexico Supreme Court has indicated that the purpose of attorney charging liens is to protect lawyers from dishonest clients. *Computer One*, 188 P.3d at 1180. If the facts asserted by

5

Vega Lynn are true (and I express no opinion on that matter), it is her former law firm, not Plaintiff, who is being dishonest. Therefore, her recourse, if any, should be against Keller & Keller rather than Plaintiff.

### *Conclusion*

For the reasons stated above, Plaintiff's motion to strike is granted, and Vega Lynn's motion for leave to file a surreply is denied.

IT IS SO ORDERED.

*William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.